**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4144
_____

XIU JIN YU; YONG SHENG LIU,

                                             Petitioners

v.

ATTORNEY GENERAL OF THE
UNITED STATES OF AMERICA,

                                             Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency Nos. A079-458-432 and A079-309-522)
Immigration Judge:  Honorable Charles M. Honeyman

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 25, 2011

Before:   BARRY, HARDIMAN and COWEN, Circuit Judges

(Opinion filed: May 25, 2011)

_____

OPINION
_____

PER CURIAM

Petitioners, Xiu Jin Yu and Yong Sheng Liu (collectively, "petitioners"), natives and citizens of the People's Republic of China, petition for review of the Board of Immigration Appeals' ("BIA") order denying their motion to reopen. For the following reasons, we will deny their petition.

I.

Liu entered the United States on April 11, 2001, and the Immigration and Naturalization Service ("INS") served him with a Notice to Appear and placed him in removal proceedings in June 2001. Yu, Liu's wife and the lead petitioner, arrived on August 1, 2002, and the INS placed her in removal proceedings in August 2002. Both petitioners conceded removability, but sought asylum, withholding of removal, and protection under the Convention Against Torture. The petitioners feared returning to China, arguing that they would be forcibly sterilized for violating the one-child policy. Specifically, the couple believed they were at risk because they had a second child while residing in the United States.

In March 2005, following a merits hearing, the Immigration Judge ("IJ") ruled that the petitioners failed to establish eligibility for any form of relief, and ordered them removed to China. The BIA adopted and affirmed the IJ's decision. The petitioners sought review in this Court and we denied their petition in January 2008. See Yu v. Att'y Gen. of the U.S., 513 F.3d 346, 349 (3d Cir. 2008). In April 2008, petitioners filed a motion to reopen based on the birth of a third child and an alleged mistranslation of a

2002 family planning regulation from Fujian Province appended to State Department Asylum Profiles. The BIA denied the motion, and this Court denied a petition for review.

In February 2010, the petitioners filed a second motion to reopen arguing changed country conditions. They submitted hundreds of pages of documents, which, they asserted, establish that local government officials in Fujian Province utilize a policy of forced sterilization that is more severe than it was at the time of the petitioners' IJ hearing. The BIA denied the motion to reopen as time-barred and number-barred under the applicable regulations. This petition for review followed.

## II.

We have jurisdiction pursuant to 8 U.S.C. § 1252(a) to review the BIA's denial of the petitioners' motion to reopen, and we apply the abuse of discretion standard to our review. See Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir. 2002). Thus, to succeed on their petition for review, the petitioners must show that the BIA's decision was "arbitrary, irrational, or contrary to law." Id. (quotation marks and citation omitted).

An alien generally may file only one motion to reopen and must file it with the BIA "no later than 90 days after the date on which the final administrative decision was rendered[.]" 8 C.F.R. § 1003.2(c)(2). The time and number requirements are waived for motions to reopen that rely on evidence of "changed circumstances arising in the country of nationality . . . if such evidence is material and was not available and could not have been discovered or presented at the previous hearing[.]" 8 C.F.R. § 1003.2(c)(3)(ii). Petitioners argue that they meet this exception as to the time and number restrictions.

3

Petitioners submitted voluminous documentary evidence that included the petitioners' and their children's birth certificates, petitioners' marriage certificate, a 1997 Reply to Issues of Determination of Nationality, a 2003 Administrative Decision of the Fujian Province Family Planning Administration, the opinion of Dr. Flora Sapio regarding China's family planning laws, accounts of Chinese nationals being subjected to coercive family planning practices, research articles and media reports, and various other documents.

Petitioners argue that the BIA abused its discretion by not fully considering and analyzing the documentary evidence. The BIA must provide the Court "with more than cursory, summary or conclusory statements, so that we are able to discern the reasons for declining to afford relief to a petitioner." Zheng v. Att'y Gen. of the U.S., 549 F.3d 260, 268 (3d Cir. 2008) (citation omitted). The BIA need not, however, "parse or refute on the record each individual . . . piece of evidence offered by the petitioner . . . ." Id. (citation omitted).

Here, although the BIA's opinion did not individually analyze each of the many documents in the record, the BIA's analysis was sufficient under the Zheng standard. The BIA first named all of the documents submitted by the petitioners in support of the motion. The BIA then concluded that of those documents, the foreign documents were not properly authenticated in compliance with 8 C.F.R. § 1287.6. See Liu v. Ashcroft,

4

372 F.3d 529, 532-33 (3d Cir. 2004).[1] Other documents were incomplete. The BIA

pointed out that still other documents were already addressed in different BIA opinions

that concluded the evidence did not establish that China has a national policy of requiring

the forced sterilization of a parent who returns with children born outside of China.[2]

Thus, the BIA concluded that although there was voluminous documentary evidence

submitted, that evidence did not go far enough in establishing changed country

conditions.

The BIA also concluded that evidence in the record showed that conditions had

not changed since the petitioners' IJ hearing. In particular, the BIA referenced the May

2007 Profile of Asylum Claims and Country Conditions ("Asylum Profile"). Petitioners

argued that the Asylum Profile was unreliable and should not serve as a basis for the

---

[1] In their motion to reopen, the petitioners argued that certain of the foreign documents were clearly authentic because they came from the Chinese government's official websites. The petitioners, however, do not contest the BIA's conclusion regarding the documents' authenticity in their petition for review. Even if the petitioners are correct that certain of the foreign documents are authentic, it does not change our conclusion that the BIA adequately analyzed the documentary evidence in reaching a decision.

[2] See In re H-L-H- & Z-Y-Z-, 25 I. & N. Dec. 209, 213 (BIA 2010) (explaining that State Department reports on country conditions are highly probative evidence); In re S-Y-G-, 24 I. & N. Dec. 247, 248 n.1 (BIA 2007) (denying a motion to reopen that included as evidence the Nationality Law of the People's Republic of China, the 1999 Changle City Family Planning Q & A, 2003 Fujian Province Administrative Decision, and the 2003 Changle City Administrative Opinion); In re J-W-S-, 24 I. & N. Dec. 185, 189-90 (BIA 2007) (denying a motion to reopen that incorporated the testimony of demographer John Aird); In re J-H-S-, 24 I. & N. Dec. 196, 201-03 (BIA 2007) (denying motion to reopen after taking account of State Department reports and 1999 Changle City Family Planning Q & A); In re C-C-, 23 I. & N. Dec. 899, 900-04 (BIA 2006) (analyzing the Aird affidavit in its denial of motion to reopen).

BIA's conclusions.[3] The BIA analyzed and rejected the argument, concluding that petitioners' bare assertions and the opinion of Dr. Sapio[4] were insufficient to undermine the Asylum Profile's conclusions. In light of the Asylum Profile, the BIA determined that the petitioners' evidence was insufficient to establish that Yu or Liu would face forcible sterilization, and thus insufficient to establish changed country conditions.

This Court recently reiterated that State Department reports are afforded high probative value, and that the BIA is justified in relying on such reports rather than more questionable evidence presented by those seeking a motion to reopen. See Chen v. Att'y Gen. of the U.S., No. 09-3459, 2011 WL 923353, at *4 (3d Cir. Mar. 18, 2011) ("State Department reports may constitute substantial evidence.") (quotation marks and citation omitted). Accordingly, the BIA properly relied on the Asylum Profile in concluding that the petitioners failed to show changed country conditions. Based on the above, we conclude that the BIA adequately analyzed the petitioners' evidence and did not abuse its discretion in denying their motion to reopen.

Petitioners also argue that the IJ erred in denying them relief, and that we should rule on the issue of whether having children in the United States standing alone can provide a basis for asylum regardless of the particular facts of a case. To the extent that the petitioners challenge the IJ's ruling, the instant petition for review is not a means to

_____

[3] Similar arguments were rejected by this Court in relation to the petitioners' first motion to reopen. See Yu v. Att'y Gen. of the U.S., 346 F. App'x 793, 795-96 (3d Cir. 2009) (per curiam).
[4] Petitioners alleged that Dr. Sapio is a "China expert." The BIA found that Dr.

relitigate the original removal proceedings.  See Kaur v. BIA, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam).  To the extent that the petitioners attempt to raise a legal question regarding when circumstances are sufficient to establish asylum eligibility based on China's family planning policy, the issue was not raised in the motion to reopen, and we cannot now consider it in the first instance.  See Popal v. Gonzales, 416 F.3d 249, 252-53 (3d Cir. 2005) ("An alien must exhaust all administrative remedies available to him . . . .").[5]

Based on the above, we conclude that the BIA did not abuse its discretion by denying the petitioners' motion to reopen as untimely and number-barred. Accordingly, we will deny the petition for review.

_____

Sapio's opinion was not entitled to be weighed as that of an expert.

[5] We note that in their motion to reopen, the petitioners also argued changed country conditions due to more severe economic sanctions as part of China's family planning policy.  The BIA rejected the argument.  To the extent that the petitioners allege the BIA's analysis was wanting, we conclude that the analysis was sufficient under Zheng.